# Exhibit "B"

# RITA'S WATER ICE FRANCHISE COMPANY, LLC TRANSFER OF FRANCHISE AGREEMENT TO A LIMITED LIABILITY COMPANY

AGREED, this 29 day of July, 2007 that Rita's Franchise Agreement dated 7/19, 2007 by and between Rita's Water Ice Franchise Company, LLC, a Delaware limited liability company and **Shirley A. Smith and Jeffrey B. Smith** is hereby transferred to a Limited Liability Company.

WHEREAS, the Franchise Agreement shall be herein transferred this date and hereinafter referred to as a Limited Liability Company, namely:

| | |
|---|---|
| **CORPORATE NAME:** | **SA SMITH ENTERPRISES LLC**<br>Shirley A. Smith, Member<br>Jeffrey B. Smith, Member<br>1310 Foxglove Lane<br>Conyers, GA 30094 |
| **SHAREHOLDERS:** | Shirley A. Smith – Ninety (90%) Percent<br>Jeffrey B. Smith – Ten (10%) Percent |
| **SEARCH AREA:** | Athens, Georgia<br>(Except those areas that may fall within the protected territory of any other Rita's Shop.) |

WHEREAS, this document shall transfer your Agreement from you to your Limited Liability Corporation and authorizes you to operate your Rita's business through your Limited Liability Corporation. It is hereby understood and agreed that you shall not be relieved of your personal obligations under the Agreement transferred.

It is further agreed that Rita's Water Ice Franchise Company, LLC is not in default under the Agreement transferred.

WITNESS: _____

_____
Shirley A. Smith, Individual

_____
Jeffrey B. Smith, Individual

Assignment accepted by Transferee's Limited Liability Corporation.

ATTEST: _____

**SA SMITH ENTERPRISES LLC**

_____
Shirley A. Smith, MEMBER

_____
Jeffrey B. Smith, MEMBER

ATTEST: _____

**RITA'S WATER ICE FRANCHISE COMPANY, LLC**

By: _____
James A. Rudolph
Its: Chairman of the Board, CEO

# Exhibit "C"



# Exhibit B-1

12/23/08

ATTEST:

FRANCHISEE:
**SA Smith Enterprises, LLC**

**Shirley A. Smith, Member**

**Jeffrey B. Smith, Member**

ATTEST:

RITA'S WATER ICE FRANCHISE CO., LLC

James A. Rudolph
Title: Chairman of the Board, CEO

## RITA'S WATER ICE FRANCHISE COMPANY LLC
## DESIGNATION OF TERRITORY

This confirms that your Franchise Agreement dated July 19, 2007 shall be completed as follows:

| | |
|---|---|
| **Franchisee:** | SA Smith Enterprises, LLC<br>Shirley A. Smith, Member<br>Jeffrey B. Smith, Member<br>2890 GA Highway 212, Suite A 324<br>Conyers, GA 30094 |
| **Franchised Location:** | 2080 Timothy Road<br>Athens, GA 30606 |
| **Franchisee's Territory:** | A two and one half (2.50) mile radius of franchised location, except where territory overlaps any existing territory as indicated on the attached Illustrative Map. |

I agree to the above terms on this 25th day of March, 2009.

ATTEST:

*[signature]*
*[signature]*

FRANCHISEE:
**SA Smith Enterprises, LLC**

*[signature]* Mrs. Shirley A. Smith
Shirley A. Smith, Member

*[signature]*
Jeffrey B. Smith, Member

ATTEST:

*[signature]*

RITA'S WATER ICE FRANCHISE CO., LLC

*[signature]*
James A. Rudolph
Title: Chairman of the Board, CEO

# Exhibit "D"



Rita's Franchise Company

July 20, 2010

SENT VIA UPS OVERNIGHT
SA Smith Enterprises, LLC
2890 GA HWY 212
Suite A-324
Conyers, GA 30094
Attention: Jeffrey B. Smith and Shirley A. Smith

Re:  TERMINATION OF AGREEEMENT (the "Franchise Agreement") dated July 19, 2007 by and between Rita's Water Ice Franchise Company, LLC ("Franchisor") and SA Smith Enterprises, LLC

Dear Mr. and Mrs. Smith,

You have ceased operations at your Athens location on or about July 19, 2010.

Discontinued operations and/or store abandonment constitutes grounds for immediate termination. In accordance with Section 15.2.3 this letter is to serve as notice of termination of your Franchise Agreement effective immediately.

Pursuant to Section 16 of the Franchise Agreement, effectively immediately, you must discontinue all use of trade names, trademarks, service marks, signs, forms of advertising, and all indicia of any association with Franchisor and/or operation of the franchised business.

Your obligations subsequent to termination under Section 16 of the Franchise Agreement include but are not limited to:

- Sustained ceased operations and closure of your Rita's Shop
- Ceased use of confidential information and proprietary marks;
- Cancellation of assumed name and registrations;
- Cancellation of telephone directory listing and/or websites;
- Removal from the premises all signs including Red and White Awning and also property bearing the proprietary marks and indicia of "RITA'S"; and
- Return to Franchisor all documents, instructions, all system manuals, display items, and like material belonging to Franchisor; and,

Furthermore, please be advised that Franchisor will exercise its right pursuant to Section 16.8 and 16.9 of your Franchise Agreement, which shall include, but not be limited to, the purchase of its proprietary batch machine parts. It is hereby demanded that you turn over to Franchisor the "dasher" and the "door" to your batch machine(s) **immediately**. Upon receipt of the of the "dasher" and "door",

Franchisor will submit a check to you in the amount of One Hundred Dollars ($100) per machine in accordance with this Section 16.8.

In accordance with Section 16 and Section 17.3 of the Franchise Agreement you are required to comply with all franchisee post-termination obligations as well as the non-compete covenant, respectively.

The enumeration of duties and obligations following termination of the Franchise Agreement set forth herein is not intended, nor should it be construed, to restrict the right of the Franchisor to enforce any other provisions of the Franchise Agreement, or provisions of the other agreements or any Guaranty, and the Franchisor specifically reserves its right to do so. The enumeration herein of grounds for default or grounds for termination shall not constitute a waiver by Franchisor as to the existence of other items of default or grounds for termination under the Franchise Agreement, whether or not such additional defaults or grounds for termination are presently known to Franchisor. The termination of the Franchise Agreement is not intended, nor should it be construed, to restrict the right of the Franchisor to institute appropriate proceedings at law or in equity to obtain relief resulting from your breach of the Franchise Agreement. In addition, Franchisor specifically reserves its right to seek to recover all amounts, if any, owed by you to Franchisor, including damages for loss of the franchise and attorney's fees and costs to the extent allowed by law.

Please feel free to contact me should you have any questions regarding this matter

Sincerely,

*Lauriena Borstein*
Lauriena Borstein
Director of Franchising

# Exhibit "E"

 Rita's Water Ice Franchise Company, LLC

July 27, 2010

<u>SENT UPS DELIVERY</u>
SA Smith Enterprises, LLC
2890 GA HWY 212
Suite A-324
Conyers, GA 30094
Attention: Jeffrey B. Smith and Shirley A. Smith

    Re:    <u>Reminder Regarding Non-Competition Covenants of Franchise Agreement</u>

Dear Mr. and Mrs. Smith:

    Please be advised that as a Franchise Partner you executed a Franchise Agreement with Rita's Water Ice Franchise Company (the "Company") dated July 19, 2007 (the "Franchise Agreement").
Your Franchise Agreement was terminated effective July 21, 2010 because you ceased operations at your store. It has come to our attention that you intend to operate a similar business at this location under the name Pearly's Sweet Creative Desserts.

    Please note that the Company has certain rights under the Franchise Agreement designed to prevent giving competitors an advantage and to maintain the Company's good will in the market. Section 17.3 of the Franchise Agreement sets forth the post term covenants and states that for two (2) years after the expiration or termination of the Franchise Agreement that you may not directly or indirectly own, maintain, operate, engage in, act as a consultant for, perform services for or have any interest in any retail business which is the same as, or substantially similar to, a Rita's Shop. Failure to abide by the covenants set forth in Section 17.3 would be a breach of the terms of the Franchise Agreement. Please also note that sale of the location or its assets to circumvent the covenants is a violation of the covenants.

    We also note that you were provided training by the Company. You were specifically provided training regarding the Company's distinctive format and system relating to the establishment and operation of a Rita's Italian Ice Shop (the "System"). The Company possesses certain proprietary and confidential information relating to the operation of the System,



Rita's Water Ice Franchise Company, LLC

therefore, as part of the training on the System you executed a Confidentiality and Non-Competition Agreement (the "Agreement").

    This letter is a reminder to abide by the covenants set forth in the Agreement and the Franchise Agreement (collectively the "Agreements") or the Company will enforce the Agreements by exercising our rights to the full extent of the law, which could include an injunction preventing you from violating the Agreements.   Please be advised that you may be required to reimburse the Company for all legal fees incurred if the Agreements are enforced.

    Please contact me with any questions regarding this matter.

Sincerely,


Christine Ferello
Franchise Relations Manager

cc:   Lauriena Borstein, Director of Franchising

# Exhibit "F"



Rita's Water Ice Franchise Company, LLC

August 5, 2010

**SENT UPS DELIVERY and EMAIL (sasmithenterprises@bellsouth.net)**
SA Smith Enterprises, LLC
2890 GA HWY 212
Suite A-324
Conyers, GA 30094
Attention: Jeffrey B. Smith and Shirley A. Smith

    Re:    **Reminder Regarding Non-Competition Covenants of Franchise Agreement**

Dear Mr. and Mrs. Smith:

    By letter dated July 27, 2010, we reminded you of the post term covenants set forth in section 17.3 of your Franchise Agreement with Rita's Water Ice Franchise Company (the "Company") dated July 19, 2007 (the "Franchise Agreement"). We have now confirmed that you are operating a similar business at the location of the former Rita's Shop under the name Pearly's Sweet Creative Desserts.

    As you are aware, the Company has certain rights under the Franchise Agreement designed to prevent giving competitors an advantage and to maintain the Company's good will in the market. Your failure to abide by the post term covenants set forth in the Franchise Agreement is a breach of the Franchise Agreement.

    We are once again reminding you to abide by the covenants set forth in the Franchise Agreement. Your deadline to respond to this correspondence and advise us of your intentions to comply with the post term covenants is **Wednesday, August 11, 2010**. If we do not hear from you regarding this matter, the Company will have no alternative but to refer this matter to our attorney to enforce the Franchise Agreement by exercising our rights to the full extent of the law, which could include an injunction preventing you from violating the Franchise Agreement. Please be advised that you may be required to reimburse the Company for all legal fees incurred if the Franchise Agreement is enforced.



Rita's Water Ice Franchise Company, LLC

Please contact me with any questions regarding this matter.

Sincerely,

*Christine Ferello*
Christine Ferello
Franchise Relations Manager

cc:   Lauriena Borstein, Director of Franchising

# Exhibit "G"



Rita's Franchise Company

August 19, 2010

**_VIA UPS Overnight_**
SA Smith Enterprises, LLC
2890 GA HWY 212
Suite A-324
Conyers, GA 30094
Attention: Jeffrey B. Smith and Shirley A. Smith

    **Re:  Rita's Water Ice Franchise Company, LLC (the "Company"),
             Athens, GA Store**

Dear Mr. and Mrs. Smith:

    This is to advise you that the Company hereby exercises its option to purchase the batch machine parts, pursuant to Section 16.8 of your Franchise Agreement for $100. A check in such amount will be provided to you upon delivery of the batch machine doors. The doors should be delivered to the Company at 1210 North Brooke Drive, Suite 310, Trevose, Pennsylvania 19053 and the Company will pay for the shipping costs.

    This is to also advise you that the Company hereby exercises its option to purchase the Rita's cart. A determination of value will be made to determine the amount to be paid pursuant to this option as set forth in Section 16.9 of the Franchise Agreement.

    We will advise you of delivery or pick up instructions within the next five (5) days.

    Please contact me with any questions regarding this matter.

Sincerely,

*Christine Ferello*

Christine Ferello
Franchise Relations Manager

cc:  Sharmil McKee, Esq.
      (via fax transmission)
     Jeffrey W. Letwin, Esquire