IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RITA'S WATER ICE FRANCHISE COMPANY, LLC, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 10-4297 |
| v. | : : | |
| S.A. SMITH ENTERPRISES, LLC, et. al., | : : : | |
| Defendants. | : : | |

## OPINION

**Slomsky, J.**                                                          **March 29, 2011**

## I.    INTRODUCTION

Before the Court is Plaintiff's Motion for Sanctions in which a default judgment is sought

pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi).  Defendants through their counsel

have failed to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), to

confer with counsel for Plaintiff and submit a Joint Report for the Federal Rule of Civil

Procedure 26(f) Meeting, to attend the Pretrial Conference held on February 18, 2011, to attend

the Hearing on Plaintiff's Motion to Compel held on March 1, 2011, to respond to the Motion to

Compel, and to attend the status conferences held on November 23, 2010 and March 22, 2011.

This repeated failure to comply with this Court's Orders and the discovery provisions of the

Federal Rules of Civil Procedure represents a sanctionable pattern of abuse which the Court finds

can only be remedied through the entry of default judgment in favor of Plaintiff.  Thus, the Court

will grant the Motion for Sanctions and enter a default judgment in favor of Plaintiff.

## II.     BACKGROUND

This case arises out of Defendants S.A. Smith Enterprises, LLC, Shirley A. Smith, and Jeffrey B. Smith's alleged breach of their Franchise Agreement with Plaintiff Rita's Water Ice Franchise Company, LLC.  On August 24, 2010, Plaintiff initiated this lawsuit by filing the Complaint and an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.  (Doc. Nos. 1, 2.)  Following a hearing on the Motion for a Temporary Restraining Order, the Court denied the Motion on August 25, 2011.  (Doc. No. 4.)

On September 8 and 10, 2010, the Court held a hearing on Plaintiff's Motion for a Preliminary Injunction.  The Court delayed issuing an Opinion on the Motion for a Preliminary Injunction because the parties were in settlement negotiations.  On November 17, 2010, having received notice from the parties that they were unable to settle the case, the Court ordered that the parties and their counsel appear at a status conference on November 23, 2010.  (Doc. No. 14.)  A representative of Plaintiff, counsel for Plaintiff, and defense counsel attended the November 23, 2010 status conference.  Defendants failed to appear.  Defense counsel was unable to offer an explanation for the failure of Defendants to appear.  Further, Defendants did not contact the Court prior to the conference to inform the Court they were unable to attend, or after the conference to explain their absence.

By Order dated January 10, 2011, the Court granted the Motion for a Preliminary Injunction and enjoined Defendants from operating their business in violation of the Franchise Agreement.  (Doc. Nos. 24, 25.)  That same day the Court entered an Order scheduling a Rule 16 Pretrial Conference for February 18, 2011.  (Doc. No. 16.)  The Court further ordered that:

> 1. The parties . . . make the required initial disclosures under Fed. R. Civ. P.

26(a) within 14 days of the date of th[e] Order.

2. The parties . . . commence discovery immediately because it is expected that the parties shall have conducted substantial discovery before the Rule 16 conference.

3. Counsel . . . consult and . . . complete and file with the Clerk the required Report of the Rule 26(f) Meeting incorporating all the information described in [the Court's] form Report on or before February 16, 2011.

On February 18, 2011, the Court held a Rule 16 Pretrial Conference.  Counsel for Plaintiff and a representative of Plaintiff attended the Conference.  Defendants failed to appear either in person or through counsel.  Further, defense counsel failed to respond to the request of Plaintiff's counsel for initial disclosures.  Defense counsel also failed to consult with counsel for Plaintiff to enable the parties to complete and file a Rule 26(f) Report or to commence discovery.[1]

On February 22, 2011, Counsel for Plaintiff filed a Motion to Compel Defendants to provide Initial Disclosures as required by Fed. R. Civ. P. 26(a) and by this Court's January 11, 2011 Order.  (Doc. No. 32.)  By Order dated February 23, 2011, the Court scheduled a Hearing on the Motion to Compel for March 1, 2011.  (Doc. No. 33.)  In the Order, the Court stated that at the March 1, 2011 hearing, the Court would also conduct a Rule 16 Conference since defense counsel failed to attend the originally scheduled conference.

Defense counsel again failed to appear at the March 1, 2011 hearing.  Neither Defendants

---

[1] Counsel for Plaintiff informed the Court that she made several attempts to contact defense counsel to engage in discovery and to confer, complete, and submit a Rule 26(f) Report, but to no avail.  To demonstrate her compliance with the Court's January 11, 2011 Order (Doc. No. 26), counsel for Plaintiff submitted a Report for the Rule 26(f) Meeting that she prepared (Doc. No. 30), incorporating in part the required information described in the Court's Form Report.

or defense counsel contacted the Court to inform the Court that they were unavailable or otherwise unable to attend the hearing.

On March 2, 2011, the Court ordered that the parties and their counsel appear at a status conference on March 22, 2011. (Doc. No. 37.) The Court ordered that a copy of the Order be sent to Defendants at their last known address. By its Order, the Court informed all parties that the failure of Defendants or defense counsel to appear would cause the Court to consider entering a default judgment in the case. Finally, the Court ordered that defense counsel file a Response to the Motion to Compel by March 8, 2011.[2]

For a third time defense counsel failed to appear. Defendants failed to appear for a second time. Again, neither Defendants nor their counsel contacted the Court to inform the Court that they were unable to appear. Defendants also failed to respond to the Motion to Compel. At the status conference on March 22, 2011, Plaintiff moved for sanctions in the form of default judgment pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi). This Motion is now before the Court.

## III.    DISCUSSION

A Court is permitted to impose sanctions for a party's non-compliance with discovery obligations pursuant to Federal Rule of Civil Procedure 37(b). Rule 37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[2]  This date represents fourteen days following Plaintiff's filing of the Motion to Compel.

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"The choice of the appropriate sanction is committed to the sound discretion of the district court." Miles v. Elliot, No 94-4669, 2011 WL 857320, at *3 (E.D. Pa. Mar. 10, 2011) (quoting Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir. 1988)).

Rule 16(f) authorizes the imposition of sanctions for a party's failure to comply with a court's scheduling order. Fed. R. Civ. P. 16(f)(1) provides:

On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

Here, Plaintiff requests that the Court enter a default judgment against Defendants for their repeated failure to obey court orders and to comply with discovery rules contained in the Federal Rules of Civil Procedure. To determine whether a default judgment is warranted under these circumstances, the Third Circuit directs that the Court balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party
> or the attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  In balancing these factors, there is no "magic formula" or "mechanical calculation" the Court must use.  Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).  No single factor is dispositive and not every factor need be satisfied.  (Id.)  However, the Court recognizes that the entry of default judgment is an extreme sanction and will examine these factors in light of "[s]ound judicial policy favor[ing] disposition of cases on their merits."  Hewlett, 844 F.2d at 113.

## A.      The Extent of the Personal Responsibility of Defendants

The Court recognizes that Defendants are represented by counsel and therefore that the repeated failure of defense counsel to comply with court orders and discovery requests may have been partially outside Defendants' control.  However, the Court twice ordered that Defendants personally appear in court.  Both times Defendants failed to do so.  Further, this Court's March 2, 2011 Order (Doc. No. 34), which was mailed to Defendants, outlined the dilatoriness of defense counsel, and ordered that Defendants appear at a status conference in person on March 22, 2011.  Further, the Order informed Defendants that should Defendants and/or defense counsel again fail to appear, the Court would consider entering a default judgment in this case.

Despite this notice, Defendants did not appear or otherwise ensure that defense counsel appeared on their behalf.  Additionally, Defendants did not contact the Court to communicate

that they were unable to appear or to give a reason for the neglect of defense counsel. From this inaction, the Court can only infer that Defendants are personally responsible for their failure to attend the status conferences as directed by the Court, despite the potential consequences of their failing to do so. Accordingly, the Court finds that the first <u>Poulis</u> factor weighs in favor of entry of a default judgment.

### B.        Prejudice to the Adversary

The second <u>Poulis</u> factor–"prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery"–does not require a showing of "irreparable harm." <u>Poulis</u>, 747 F.2d at 868. It requires only that the burden imposed by a defendant's failure to meet scheduling orders and to respond to discovery impedes the opposing party's ability to prepare effectively for trial. <u>Smith v. Altegra Credit Co.</u>, No. 02-8221, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004) (citing <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 223 (3d Cir. 2003)). As one district court for the Eastern District of Pennsylvania explained:

> Examples of prejudice include actions that hinder a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution to the litigation. <u>Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994). It also includes the costs associated with complying with court orders provoked by a party's misconduct. <u>Id.</u> Evidence of prejudice to an opposing party bears "substantial weight in support of a dismissal or default judgment." <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 876 (3d Cir. 1984).

<u>Id.</u>

In the present case, Defendants' failure to comply with court orders regarding scheduling and discovery has caused a complete standstill in the litigation. Because Defendants have failed

to attend, either personally or through counsel, a Rule 16 Scheduling Conference, a hearing on the Motion to Compel, and two status conferences at which they were required to appear personally, the Court has been unable to enter a scheduling order in this case. Defense counsel has been entirely unresponsive to Plaintiff's requests for initial disclosures. This impairs Plaintiff's ability to prepare effectively for trial. Ware, 322 F.3d at 223.

Further, Defendants' repeated failure to participate has prejudiced Plaintiff by causing Plaintiff to expend time and money in preparing for and attending hearings and conferences at which the Court was unable to achieve any progress in case management due to Defendant's failure to attend. Defendants' dilatoriness has caused Plaintiff to incur unnecessary financial burdens in preparing for and attending these hearings and conferences. See Adams, 29 F.3d at 874 (finding that prejudice to the opposing party includes imposition of unnecessary financial burdens). Thus, the Court finds that the second Poulis factor weighs in favor of entry of a default judgment.

### C. History of Dilatoriness

As stated in this Court's prior Orders and as discussed above, Defendants, personally and through defense counsel, have repeatedly failed to comply with court orders and discovery requests. Defendants, personally and through defense counsel, have:

(1) Failed to make initial disclosure of evidence pursuant to Federal Rule of Civil Procedure 26(a),

(2) Failed to confer with counsel for Plaintiff and submit a Joint Report for the Federal Rule of Civil Procedure 26(f) Meeting as Ordered by the Court,

(3) Failed to attend the Pretrial Conference held on February 18, 2011, as directed by the Court's January 11, 2011 Order (Doc. No. 26),

(4) Failed to attend the Hearing and rescheduled Pretrial Conference held on March 1,

2011 as required by the Court's February 23, 2011 Order (Doc. No. 33),

(5)    Failed to respond to Plaintiff's Motion to Compel as directed by the Court's March 2, 2011 Order (Doc. No. 34),

(6)    Failed to attend the Status Conference held on March 22, 2011 as directed by the March 2, 2011 Order (Doc. No. 34).

In addition, Defendants have not contacted the Court to offer any reason for this dilatoriness. Defendants' inactions constitute a pattern of dilatoriness and weighs in favor of entry of a default judgment.

### D.    Willfulness or Bad Faith

The fourth Poulis factor is whether Defendants' dilatory conduct is wilful or in bad faith. Poulis, 747 F.2d at 868. Willfulness involves "self-serving behavior," which qualifies as "the type of willful or contumacious behavior which [may be] characterized as flagrant bad faith." Adams, 29 F.3d at 32 (quoting Scarborough, 747 F.2d at 875). At least one district court has found that "[c]onsistent failure to comply with a court's pretrial orders despite repeated warnings about the consequences of noncompliance is sufficient evidence of 'flagrant bad faith' to warrant dismissal." Altegra Credit Co., 2004 WL 2399773, at *6 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640-41, 643 (1976) (per curiam)).

In the instant case, Defendants have repeatedly failed to comply with court orders despite warnings about consequences of their failing to comply. However, without knowledge of the reasons for Defendants' dilatoriness, the Court cannot find that Defendants' conduct was willful or in bad faith. Therefore, the fourth Poulis factor does not support entry of a default judgment.

### E.    Effectiveness of Sanctions Other Than Dismissal

Before entering a default judgment, the fifth <u>Poulis</u> factor requires that the Court consider the feasibility and effectiveness of alternative sanctions. <u>Poulis</u>, 747 F.2d at 868. Here, despite being afforded ample opportunity to appear and be heard, and despite the warning that a failure to appear may result in the extreme sanction of default judgment, Defendants have failed to comply with court orders and have not provided a reason for their failure to do so. Additional warnings will also be ineffective. <u>See</u> <u>Altegra Credit Co.</u>, 2004 WL 2399773, at *7 (finding that plaintiff's failure to respond to warnings about the potential of dismissal for his repeated failure to comply with court orders indicated that additional warnings and sanctions short of dismissal would not be effective).

The Court finds that the only effective sanction here is a default judgment. Therefore, the fifth <u>Poulis</u> factor supports entry of a default judgment.

### F.    Meritoriousness of the Claim or Defense

The sixth and final factor the Court must consider is the meritoriousness of Defendants' defense. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." <u>Poulis</u>, 747 F.2d at 870. "The meritoriousness of the claim for this purpose must be evaluated on the basis of the facial validity of the pleadings, and not on summary judgment standards." <u>Scarborough</u>, 747 F.2d at 875.

In the Answer, Defendants present two defenses. First, Defendants assert that the Complaint fails to state a claim upon which relief may be granted. Second, they submit that

"[P]laintiff's claim is barred because it failed to initiate this action in arbitration."

With respect to Defendants' first argument, the Court finds that at this stage of the proceedings it appears to lack merit. In its Opinion dated January 10, 2011, the Court explained its reasoning for granting Plaintiff's Motion for a Preliminary Injunction. In doing so and for reasons outlined in detail in the Opinion, the Court found that Plaintiff had demonstrated a reasonable probability of success on the merits of its claims. Implicit in this decision is that Plaintiff has stated a claim for which relief may be granted. Therefore, the defense of failure to state a claim is without merit.

With respect to Defendants' second argument, the Court infers that Defendants refer to the arbitration provision of the Franchise Agreement which provides:

> Except as otherwise provided herein, all disputes and claims relating to this Agreement, the rights and obligations of the parties hereto, or any other claims or causes of action relating to the making, interpretation, or performance of either party under this Agreement, shall be settled by arbitration at the JAMS Resolution Center located in Philadelphia, Pennsylvania in accordance with the Federal Arbitration Act and the JAMS Comprehensive Arbitration Rules and Procedures.

(Rita's Water Ice Franchise LLC Franchise Agreement, Doc. No. 1, Ex. A ¶ 25.2.) The Agreement further provides:

> Nothing contained in this Agreement shall prevent [Plaintiff] from applying to and obtaining from any court having jurisdiction a writ of attachment, a temporary injunction, preliminary injunction and/or other emergency relief available to safeguard and protect [Plaintiff's] interests.

(Id. ¶ 25.4.) The arbitration provision applies "[e]xcept as otherwise provided." Paragraph 25.4 of the Franchise Agreement is a provision that provides that arbitration is not required when

Plaintiff files suit for injunctive relief. In the instant case, Plaintiff seeks injunctive relief. In fact, the Court has already granted Plaintiff's Motion for a Preliminary Injunction. Therefore, the arbitration provision does not deprive the Court of jurisdiction and the Court finds that Defendants' second argument is not meritorious.[3]

Because neither of Defendants' defenses appear meritorious, the sixth and final <u>Poulis</u> factor favors entry of a default judgment.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that five of the six <u>Poulis</u> factors favor entering a default judgment here. Defendants' repeated failure to comply with Court Orders and the Federal Rules of Civil Procedure constitute a sanctionable pattern of abuse that can only be

---

[3] Further, as the Court noted in its January 10, 2011 Opinion (Doc. No. 24):

> [I]n the Answer to the Complaint, Defendants have conceded that this Court has jurisdiction over the subject matter of the litigation. In Paragraph 1 of the Answer, Defendants "admit[] the allegations in paragraphs 1-7" of the Complaint. (Doc. No. 23.) Encompassed within these paragraphs is Plaintiff's statement of jurisdiction; specifically, that "[t]his [C]ourt has original jurisdiction over the subject matter if this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states." (Doc. No. 1 ¶ 1.)

> "An answer is a judicial admission, and as such binds the party who makes it, establishes the truth of the admitted fact for the purposes of the instant proceedings, and may 'estop' the party from making a contrary argument at trial and on appeal." <u>Weaver v. Conrail, Inc.</u>, No. 09-5592, 2010 WL 2773382, at *8 (E.D. Pa. July 13, 2010) (<u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 211 n. 20 (3d Cir. 2006)).

Because the second asserted defense challenged the jurisdiction of this Court, the merits of this claim were addressed here.

remedied through the grant of Plaintiff's Motion for Sanctions in the form of a default judgment. Thus, the Court will grant the Motion for Sanctions and enter a default judgment in favor of Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).

An appropriate Order follows.